THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOSEPH TODD, Defendant-Appellee.

(No. 71-307; )

Second District—October 11, 1972.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr. and Vincent A. Solano, Assistant State's Attorneys, of counsel,) for the People.

Harold J. Spellman, of West Chicago, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The State appeals from an order suppressing certain evidence, namely, blood extracted from the defendant and the chemical analysis of the same in determination of alcoholic content.

On December 15, 1969, defendant, while driving a truck, was involved in a highway collision. A police officer who investigated the accident detected a strong odor of alcohol in the truck. Defendant was taken to a hospital for treatment where blood was extracted from him by a physician who informed defendant only that blood was being taken "for examination." Defendant neither consented nor objected to the extraction of blood. He was indicted and arrested five months later for reckless homicide. (Ill. Rev. Stat. 1969, ch. 38, sec. 9—3(b).) The indictment charged that a death occurred as a result of his driving while intoxicated.

The trial court found that although the police had probable cause to search defendant's body for evidence of intoxication, the search could occur only incidental to a lawful arrest, relying on *Commonwealth v. Murray* (1970), 441 Pa. 22, 271 A.2d 500, and since it was undisputed that defendant was not under arrest at the time his blood was taken, the evidence was suppressed for being the product of an illegal search and seizure.

In 1966, the United States Supreme Court in *Schmerber v. California* (1966), 384 U.S. 757, 16 L.Ed.2d 908, 86 S.Ct. 1826, held that it is constitutionally permissible to compel a driver to submit to the extraction of his blood for the test of its alcohol content. Defendant interprets this case as applying only in those situations where the driver has been placed under arrest (*Schmerber, supra*, 771). The State argues that arrest is not necessary. It points out that the Court alluded to the fact that, in cases involving allegedly intoxicated drivers, the police are faced with emergency situations. This is due to the fact that there is the ever present threat of destruction of evidence since the percentage of alcohol in the blood begins to diminish shortly after the drinking stops. Consequently, the State's position is that the only prerequisite for extracting a motorist's blood is probable cause to arrest him for driving while intoxicated or probable cause to believe that his blood sample will indicate evidence of intoxication.

The State supports its position by the case of *State v. Murphy* (Ct. of App. Ore. 1970), 465 P.2d 900, which dealt with the taking of fingernail scrapings from a defendant who was not under arrest. This case is not persuasive in view of the numerous decisions we have read which concern themselves with blood samples.

Our research has disclosed several cases concerning the issue before us. In *State v. Findlay* (S.Ct.Ia. 1966), 145 N.W.2d 650, the extraction of blood from an unconscious, unarrested motorist was held not to offend the proscription against unreasonable searches and seizures. The decision was based (a) upon the fact that an emergency situation existed wherein there was a danger of disappearing evidence due to body assimilation and, (b) upon Iowa's implied consent law, Section 321 B. 5, Code of Iowa, 1966 (ch. 114, sec. 41, 60th G.A.), which expressly provides that any person who is dead, unconscious or otherwise incapable need not first be placed under arrest.

In *State v. Mitchell* (S.Ct. Fla. 1971), 245 So.2d 618, it was held that arrest is not necessary. After quoting a portion of the *Schmerber* language, the Court concluded, at page 622:

> "* * * the question is *not* whether the driver has been formally placed under arrest at the time the blood sample was taken, but whether there was a 'clear indication' of 'relevance and likely success of a test of petitioner's blood for alcohol'."

The Court also discussed the fact that arrest is difficult and often impossible to accomplish in the circumstances under which a blood test is given after an auto collision (the driver frequently being in shock or on the operating table) and additionally relied upon Florida's implied consent statute which provides for blood tests under certain circumstances and omits any requirement of arrest of the driver. Florida Statutes, Section 322.261(1)(b) F.S.A.

The Court, in *People v. Fidler* (S.Ct. Colo. 1971), 485 P.2d 725, approved the withdrawal of blood although defendant was not under arrest. The Court further explained *Fidler* in *People v. Kokesh* (S.Ct.Colo. 1971), 486 P.2d 429, stating that arrest is not necessary, and that the only requirement is that there be probable cause to arrest at the time the sample is taken.

*State v. Deshner* (S. Ct. Mont. 1971), 489 P.2d 1290, has held that defendant's rights were not violated when a blood test was taken while he was unconscious and not under arrest. The Court there relied upon the language in *Schmerber* regarding emergency situations due to the temporary nature of the evidence.

The Supreme Courts of New Hampshire and Pennsylvania have both concluded that *Schmerber* applies only in those cases in which the driver has been placed under arrest and have held that if there has not been an arrest, blood cannot be taken. *State v. Davis* (S.Ct. N.H. 1967), 226 A.2d 873; *Commonwealth v. Murray* (S.Ct. Pa. 1970), 271 A.2d 500.

The most recent decision is *People v. Superior Court of Kern County*

(1972), 100 Cal.Rptr. 281, 493 P.2d 1145, decided by the Supreme Court of California. The Court held that *Schmerber's* approval of compulsory seizure of blood is contingent upon the removal being incidental to a lawful arrest. The court totally rejected the "startling proposition" that arrest is a mere formality and that blood can be removed without arrest so long as probable cause to arrest exists. Such a proposition "runs directly counter to the law on search and seizure developed by the United States Supreme Court," 493 P.2d 1148. Additionally, the Court referred to California's implied consent law which applies only in cases where a lawful arrest has been made for driving while intoxicated.

■■ We agree with the California Supreme Court in that the language of *Schmerber* indicates that the holding applies only in those cases wherein the driver is under arrest.

> "In this case * * * these questions arise in the context of an arrest made by an officer without a warrant * * * (384 U.S. at 768). We conclude that the attempt to secure evidence of blood-alcohol content in this case was an appropriate incident to petitioner's arrest * * * (384 U.S. at 771).
>
> It bears repeating, however, that we reach this judgment only on the facts of the present record." 384 U.S. at 772.

We consequently are of the opinion that *Schmerber* does not authorize a blood-alcohol test in the case at bar and, in accordance with the California court and the Supreme Courts of New Hampshire and Pennsylvania, hold that a driver cannot be required to submit to extraction of his blood unless he has been placed under arrest.

> "* * * The integrity of an individual's person is a cherished value of our society. That we today hold that the Constitution does not forbid the States minor intrusions into an individual's body under *stringently limited conditions* in no way indicates that it permits more substantial intrusions, or *intrusions under other conditions.*" (Emphasis added.) 384 U.S. at 772.

■■ Even in the case of an arrest, Section 47 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1969, ch. 95½, sec. 144(c)3), in force at the time of the accident herein, provides that chemical analysis of a driver's blood shall not be admitted unless the driver consented to such analysis. In *People v. Williams* (1969), 116 Ill.App.2d 332, the court held that this provision is valid and that a defendant cannot be forced to submit to a blood test without his consent. *People v. Wheatley* (1972), 5 Ill.App.3d 827, 830, has held that:

> "Within the context of the past and present legislative action, the consent of the individual in taking of his blood samples governs the admissibility of the evidence * * *."

Defendant herein did not consent to the taking of his blood, hence, the evidence is not admissible under the statute.[1]

We therefore affirm the judgment of the trial court.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.

---

[1] Although ch. 95½, sec. 144 is concerned primarily with the offense of driving while intoxicated, paragraph (c) also applies to a "* * * trial of *any action* or proceeding arising out of acts alleged to have been committed by any person while driving * * * a vehicle while under the influence of intoxicating liquor * * *." (Emphasis added.)

It is instructive to note that, subsequent to the case at bar, Illinois enacted an implied consent law (supplement to Ill. Rev. Stat. 1971, ch. 95½, sec. 11—501.1). However, the implied consent is contingent upon the test being made "* * * as an incident to and following his *lawful arrest,* evidenced by the issuance of a Uniform Traffic Ticket, for an offense as defined in Section 11—501 of this Act * * *." (Emphasis added.) Section 11—501.1(a).