## Commonwealth v. Young

*Samuel F. Bonavito,* District Attorney for Commonwealth.

*Jon Marti,* for defendant.

WOLFE, *J.,* January 23, 1976.—Defendant has petitioned to suppress the results of the testing for alcohol in his blood on the grounds it was without his consent.

On October 2, 1975, a Youngsville police officer observed defendant operating his motor vehicle at a high rate of speed within the borough, crossing the center line and striking the guard rails on both sides of the road as he went out of the borough. Subsequently, defendant returned, again traveling at a high and erratic rate of speed and became involved in a collision with another vehicle, causing defendant to be thrown from his car. When the officer arrived at the accident scene, he noted defendant was seriously injured and noted alcohol on his breath. Without perfecting any arrest or even advising defendant he was under arrest, the officer summoned an ambulance which took defendant to the hospital where the officer directed a State

Policeman to have a technician at the laboratory remove some of defendant's blood for testing, which was done and which we are now asked to suppress.

The holding of Commonwealth v. Murray, 441 Pa. 22, 271 A.2d 500 (1970), controls the instant case wherein the court reviewed similar circumstances:

"The person of an individual may be lawfully searched, even without a search warrant, if the search is conducted as an incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034 (1969), and Commonwealth v. Ellsworth, 421 Pa. 169, 218 A.2d 249 (1966). And, under certain circumstances, this includes intrusion into a person's body for blood to be analyzed for alcoholic content. Schmerber v. California, 384 U.S. 757, 86 S. Ct. 1826 (1966). Cf. Commonwealth v. Gordon, 431 Pa. 512, 246 A.2d 325 (1968). However, for such a search to be valid, it must be substantially contemporaneous with the arrest and confined to the immediate vicinity thereof. Stoner v. California, 376 U.S. 483, 84 S. Ct. 889 (1964); Commonwealth v. Harris, 429 Pa. 215, 239 A.2d 290 (1968) . . . "

In the instant case, the arresting officer readily admitted at no time did he place defendant under arrest due to his injured condition and a complaint was not filed until October 6, 1975; thus, not only was the search not incident and contemporaneous with an arrest, there was, in fact, no arrest when the blood was extracted.

It is apparent under our existing laws that even if defendant is unconscious, under similar circumstances the officer must pronounce defendant under arrest to comport to constitutional standards.

For the foregoing reasons, we enter the following order.

## ORDER

And now, January 23, 1976, the motion to suppress the results of the blood-alcohol content from blood extracted from defendant's person is granted.