390 A.2d 845

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Paul F. LEE.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided July 12, 1978.

Robert F. Banks, First Assistant District Attorney, Greenville, for Commonwealth, appellant.

Ambrose R. Campana, Williamsport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal by the Commonwealth from an order suppressing the results of blood tests performed on the appellee to determine if he was intoxicated, and unable to operate a motor vehicle.

The Commonwealth, on appeal, questions whether the police officer was precluded from having blood tests administered on appellee in that even though appellee's lip was badly lacerated, he still might have been able to take a breathalyzer test. The sole consideration is whether the inability to perform a breathalyzer test is a condition precedent to the administration of a blood test under 75 P.S. § 624.1 of the Old Vehicle Code.[1]

1. The Vehicle Code, Act of April 29, 1959, P.L. 58, § 624.1 as amended (1961). The corresponding section in the New Revised Vehicle Code is The Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa. C.S.A. § 1547; effective July 1, 1977.

In this case, the police officer, upon observing appellee's severely lacerated lip, had him taken to a hospital. The laceration was determined to be two inches wide, and required between twelve and sixteen sutures to close it. After being treated for the lip, a blood sample was drawn from appellee to determine blood alcohol level.[2] At the suppression hearing, the treating physician testified that it might have been possible for appellee to submit to a breathalyzer test before treatment if he were able to withstand a great deal of pain or after treatment if he could compress his lips tightly together with his hands due to some loss of muscle function from the local anesthetic.

The suppression court made the determination that unless the subject was physically unable to supply enough breath for a breathalyzer test, blood may not be extracted for the purpose of a blood alcohol test. The court, therefore, suppressed the evidence of the blood test in favor of the appellee. "Appellate courts are bound by factual findings of the suppression court if they have support in the record, (citations omitted), and may reverse only if legal conclusions drawn therefrom are in error." *Commonwealth v. Hall*, 475 Pa. 482, 380 A.2d 1238 (1977). In this instance, we find that the lower court based its decision on an incorrect conclusion of law.

75 P.S. § 624.1 provides three methods for testing alcohol level: the breath test, the blood test, and the urine test. One is not predicated upon the impossibility of another; but rather, they are alternative methods which are impliedly consented to, and which supply the same information. The breathalyzer is the most commonly used, and the most practical in that the equipment can be operated by the police officer himself either at the scene or at the station house. The blood test, on the other hand, requires that a physician, or a technician under his direction, be present.

**2.** There is a conflict in testimony as to whether appellee verbally consented to the blood test. The suppression court resolved this issue in favor of the Commonwealth. The issue of consent is not raised here on appeal.

In the instant case, there were legitimate concerns as to whether a breathalyzer could have been administered, and whether it would have been effective. The appellee-defendant was already in a hospital, under the supervision of a physician, with a badly lacerated lip which had been sutured. The blood test was the most convenient and practical method which could have been utilized in this situation. The statute does not require an absolute showing that a breathalyzer was impossible of performance. As this court stated in *Commonwealth v. Funk*, 254 Pa.Super. 233, 385 A.2d 995 (1978), "The decision to take a blood sample, the less desirable alternative, will not be faulted where there is a reasonable basis for believing that a driver in a precarious medical condition will not be able to summon enough breath to complete a breathalyzer test."

The suppression order is hereby vacated, and the case should proceed to trial.

MANDERINO, J., would grant.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.