405 A.2d 1270

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**George HLAVSA, Jr.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided June 13, 1979.

Douglas Ferguson, District Attorney, and with him Robert S. Bailey, Assistant District Attorney, Meadville, for Commonwealth, appellant.

No appearance entered nor brief filed for appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Commonwealth appeals from the ruling of the Suppression Court that the results of a blood test performed on Mr. Hlavsa, the Appellee, be suppressed.

The issue presented on appeal is whether Mr. Hlavsa was under arrest at the time the blood test was performed, which would have made the blood test a lawful search incident to arrest under the doctrine of *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 656 (1969).

█ The blood was taken from Mr. Hlavsa at the direction of a State Police Officer while Mr. Hlavsa was unconscious in the emergency room of a hospital. The officer stated at the suppression hearing that he ordered the blood sample to be taken for possible use in criminal proceedings to arise out of contemplated charges to be made against Mr. Hlavsa of Driving While Intoxicated. Although Mr. Hlavsa would have been unable to consent to the test, his consent would not have been necessary had he been placed under arrest. See *Commonwealth v. Lee,* 257 Pa.Super. 326, 390 A.2d 845

(1978) and *Commonwealth v. Funk,* 254 Pa.Super. 233, 385 A.2d 995 (1978). This was never done, as the officer did not inform the hospital staff that Mr. Hlavsa was under arrest and was not to leave the hospital upon regaining consciousness. *Commonwealth v. Murray,* 441 Pa. 22, 271 A.2d 500 (1970). The arrest was not made until eighteen days after the blood sample was taken.

■ As no arrest was made before the blood sample was taken, the taking of the sample was not a search incident to arrest and was properly suppressed by the court below.

The order of the lower court is affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

I do not read the majority opinion as holding that the state trooper was prohibited by statute from obtaining a sample of defendant's blood.[1] The Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 C.P.S.A. § 1547(a), provides:

1. The facts of this case seem to present a statutory issue, which is not discussed by the majority but should be noted. The Old Vehicle Code provided that evidence of the defendant's refusal to submit to a chemical test could be admitted as a factor to be considered in determining guilt. Act of April 29, 1959, P.L. 58, § 624.1, added July 28, 1961, P.L. 918, § 1, *as amended* by the Act of July 31, 1968 P.L. 758, No. 237, § 1, 75 P.S. § 624.1(h). The New Vehicle Code omits this provision. See 75 C.P.S.A. § 1547. Consequently, *Commonwealth v. Lee,* 257 Pa.Super. 326, 390 A.2d 845 (1978), and *Commonwealth v. Funk,* 254 Pa.Super. 233, 385 A.2d 995 (1978), are questionable support for the majority's assertion that appellee's consent to the blood test was not required in order for the seizure to be lawful. Slip op. at 2. In *Funk,* we concluded that a blood sample could lawfully be taken from a suspect even though he was not told enough to avail himself of his opportunity to refuse the test because

no matter which alternative a driver chooses [consent to the blood test or refusal], there will be an evidentiary result: either there will be the result of a test, or there will be a fact, refusal, to be taken into account in deciding guilt or innocence.

*Commonwealth v. Funk,* 254 Pa.Super. at 240, 385 A.2d at 999. Since the omission in the New Code makes it unclear whether evidence of a refusal to submit to the test may still be introduced as evidence, the rationale in *Funk* may be limited to pre-existing law.

Nevertheless, I should not hold that under the New Vehicle Code the state trooper had to obtain appellee's consent before a blood

Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood for the purpose of determining the alcoholic content of blood if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol. The test shall be administered by qualified personnel and with equipment approved by the department.

The majority opinion must therefore be construed as holding that the seizure was unconstitutional. The facts relevant to determining whether this holding is correct are as follows.

Appellee was involved in a one car accident on November 28, 1977, when he failed to negotiate a curve. Following the accident, appellee was unconscious and was taken by ambulance to a hospital emergency room. A state trooper arrived at the hospital approximately three hours later to investigate the accident. He observed appellee unconscious, with

sample was taken. The New Code, like the Old Code, was designed to provide courts with a scientific determination of a suspect's alcoholic consumption. Although the New Code allows the suspect to refuse to submit to testing, it imposes substantial penalties upon the refusal. See 75 C.P.S.A. § 1547(b). This provision for penalties, however, presupposes that the suspect is alert enough to make a conscious decision to refuse. In the present case, appellee was unconscious when the blood sample was taken. See Discussion in Text infra. Therefore he could neither give his consent to the blood sample being taken, nor could he be penalized for refusing to give his consent. In these circumstances, I believe that it is consistent with the aims of the Legislature and the structure of the New Code to hold that the state trooper lawfully obtained the blood sample from appellee. Cf. Commonwealth v. Funk, supra.

However, it is one thing to hold that the trooper lawfully obtained the blood sample, but it is another to hold that evidence of the results of the test of the sample could be introduced at trial without appellee's consent. It is at least arguable that the logical implication arising from the New Code is that a suspect who was unable to consent at the time a blood sample was taken must be given the chance at some later point prior to trial to exercise the statutory option of either permitting the test results into evidence, or withholding this permission upon pain of the statutory penalties.

This point of statutory construction need not be settled now, however, for in his suppression motion, appellee did not raise it, arguing instead that no warnings were given to him before the sample was taken, and that the absence of his consent violated his constitutional rights. Nor has appellee filed a brief on this appeal.

no apparent physical injuries, but noticed an odor of liquor on his breath. The trooper was told by appellee's daughter that appellee had been driving at the time of the accident, and had been drinking immediately before the accident. The trooper was also told by the emergency room doctor that appellee, though not seriously injured, was intoxicated. The trooper then ordered a blood sample to be taken, without an attempt being made to bring appellee to consciousness; after the sample was taken, appellee was still unconscious. Approximately eighteen days later, appellee was arrested for operating a motor vehicle while under the influence of alcohol. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 C.P.S.A. § 3731. Appellee's motion to suppress the results of the blood test was granted by the lower court on the basis of *Commonwealth v. Murray*, 441 Pa. 22, 271 A.2d 500 (1970).

In *Murray*, our Supreme Court relied on *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), to suppress test results of a blood sample that had been obtained from the defendant without a warrant. Since the defendant was not arrested until thirteen days after the sample was procured, the Court believed that the seizure was not incident to the arrest, and hence was invalid. *See also Commonwealth v. Williams*, 229 Pa.Super. 390, 323 A.2d 862 (1974). The soundness of the holding in *Murray*, however, became questionable after the decision in *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). *Cupp* held that a suspect who has not been arrested may be seized without a warrant, and his person searched for destructible evidence, if the detention is brief, the scope of the search limited, and probable cause for the search exists. Consequently, in *Commonwealth v. Quarles*, 229 Pa.Super. 363, 324 A.2d 452 (1974), a plurality of this court held that where there is probable cause for a law enforcement officer to believe that a person has been driving while intoxicated, a blood test may be administered on the spot, but that if the suspect must be transported to another place for the test to

be administered, a lawful arrest is necessary in order for the seizure of blood to be constitutional.

In the present case, no question exists that the state trooper had probable cause to believe that appellee had been drinking while intoxicated. In addition, appellee was not transported from the scene so that a blood test could be administered; he was taken to the hospital to secure treatment for his injuries. Under 75 C.P.S.A. § 3731(c), the trooper was authorized to arrest appellee at the hospital without a warrant. Instead, he only ordered that a blood sample be taken. No detention of appellee was involved, and the scope of the seizure was limited. I therefore conclude that the seizure was not unconstitutional.

The majority cites *Commonwealth v. Lee*, 257 Pa.Super. 326, 390 A.2d 845 (1978), and *Commonwealth v. Funk*, 254 Pa.Super. 233, 385 A.2d 995 (1978), for the proposition that had appellee been under arrest before the blood was obtained, the seizure would have been valid, but that since he was not, it was invalid. However, this proposition is not set forth in those cases. In *Lee*, "[t]he sole consideration [was] whether the inability to perform a breathalyzer test is a condition precedent to the administration of a blood test under 75 P.S. § 624.1 of the Old Vehicle Code." 257 Pa.Super. at 327, 390 A.2d at 846 (footnote omitted). And in *Funk*, the decision did not turn upon whether the defendant was arrested before the blood sample was taken.[2]

I should reverse the order of the lower court and remand for trial.[3]

**2.** Indeed, if anything, *Funk* suggests that the defendant was not arrested until some time after the sample was taken.

**3.** It should be noted that the Commonwealth alleges in its brief that without the admission of the results of the test of the blood sample its prosecution of appellee will be terminated because the results are the only admissible evidence it has proving that appellee violated 75 C.P.S.A. § 3731. Since the record is consistent with this assertion, our jurisdiction to hear this appeal is established. *See Commonwealth v. Kunkel*, 254 Pa.Super. 5, 385 A.2d 496 (1978).