## Commonwealth v. Malmquist

*Michael Weinstein, District Attorney,* for Commonwealth.
*Steven Guccini,* for defendant.

THOMSON, *J.*, September 10, 1980—The within matter comes before us presently on defendant's pretrial omnibus motions to suppress evidence and quash the information. Presented is a unique factual situation peculiar to the Milford area of Pike County, for which we have found no controlling appellate authority. However, certain decisions of the appellate courts are most relevant in establishing the rationale for our decision herein and will be referred to at some length as we develop our reasoning on the points presented.

## I. FINDINGS OF FACT

A.  Defendant was involved in two automobile accidents of a rather serious nature on Route 209 in the Borough of Milford, Pike County, Pa., wherein he struck two other vehicles going in the opposite direction from his own, demolishing the other vehicles and injuring himself. The said accidents occurred in the early morning hours of April 13, 1980.

B.  Chief F. Donald Keller of the Milford Borough Police Department arrived at the scene shortly thereafter and found defendant in an injured state. Although Chief Keller detected an odor of alcohol about defendant and observed that defendant was poorly oriented to his surroundings, he was unable to ascribe his condition to alcohol or to defendant's injuries.

C.  Defendant was then transported to St. Francis Hospital in Port Jervis, N.Y., the nearest available facility for the furnishing of emergency medical services. Defendant was requested to take a blood-alcohol test by Chief Keller and refused to do so after being informed of the consequences of such a refusal.

D. Thereafter, the attending physician, Dr. Michael Weil, informed Chief Keller that he believed defendant to be under the influence of intoxicating liquor.

E. After discussion with Dr. Weil, defendant agreed to take a blood-alcohol test and signed a permission slip therefor. The test was then taken and defendant registered in excess of the presumptive level of being under the influence of alcohol.

F. On April 15, 1980, two days after the said accident, Chief Keller obtained an arrest warrant for defendant on the within charges. Defendant was thereafter arrested and bound over to court on the said charges.

## II. DISCUSSION

### A. Search And Seizure

Defendant contends that under the facts of this case the withdrawal of blood from his body constituted an unreasonable and illegal search and seizure in violation of the Fourth Amendment of the United States Constitution. While it is unquestioned that such an intrusion is a "search," Schmerber v. California, 384 U.S. 757 (1966), the following two propositions are likewise certain: (1) that such a search is nontestimonial and no requirement exists to give a suspect Miranda warnings pursuant thereto; (2) that "consent" to such a test is not a constitutional requirement and that the only right to refuse is that under the Pennsylvania implied consent law, Vehicle Code, 75 Pa.C.S.A. §1547(g).

Defendant also argues that the test results must be suppressed as there is no proof that defendant was physically unable to supply enough breath to

complete a chemical test within the meaning of the said statute. However, the position of the Pennsylvania courts has been that the Commonwealth need not affirmatively prove that defendant could not give enough breath to complete a breathalyzer test. It is only necessary to show a "reasonable basis for believing that a driver in a precarious medical condition will not be able to summon enough breath to complete a breathalyzer test." Com. v. Funk, 254 Pa. Superior Ct. 233, 239, 385 A. 2d 995 (1978); Com. v. Lee, 257 Pa. Superior Ct. 326, 329, 390 A.2d 845 (1978). Here there was clearly such a "precarious medical condition" present. In fact, defendant's own memorandum as to the issue of defendant's "consent" (upon which we have already ruled that, once probable cause for a search exists, is not constitutionally mandated) strongly supports this position. However, we do feel that, even were consent to be required, the facts of this case show that defendant freely gave same after fully being apprised of the possible consequences of the implied consent law.

Defendant has attacked the sufficiency of the affidavit presented to the magistrate in order that an arrest warrant be obtained. We have found that probable cause existed for the administration of the blood test and for defendant's arrest. We find that the salient facts needed to establish probable cause for defendant's arrest were set forth in the questioned affidavit. Hence, we find no reason to quash the information on this basis.

As we have previously indicated, there is a factor in this case which is unique to the Milford area of Pike County. We have already noted in our factual findings that, after the accidents which gave rise to the within prosecution, defendant was removed to

the nearest available facility for medical treatment, located in the State of New York. There, the blood test in question was administered. While it is true that under our law such a test must be administered pursuant to a lawful arrest and defendant was not arrested until two days after the test was administered, we feel that under the particular facts of this case the test was reasonably contemporaneous with defendant's arrest. It is apparent from the testimony presented that insufficient probable cause to arrest defendant existed when the arresting officer, Chief Keller, arrived at the scene, as he could not tell whether defendant's condition resulted from his injuries or from the consumption of alcohol. The probable cause to arrest for driving under the influence of alcohol was not obtained until defendant was in the hospital in New York. There, Chief Keller had no arrest power, this being in no way a "close pursuit" situation such as envisioned by the Judicial Code, 42 Pa.C.S.A. §8922, and the New York statute which is substantially identical thereto.

Hence, it would appear that Chief Keller had, on these particular facts, no choice but to act as he did. For this reason, we find this case to be distinguishable from the rationale of Com. v. Wolpert, 224 Pa. Superior Ct. 361, 308 A. 2d 120 (1973), and Com. v. Murray, 441 Pa. 22, 271 A. 2d 500 (1970), both dealing with patently unjustified and unreasonable delays of 13 and 16 days, respectively, in making arrests following the administration of blood-alcohol tests.

Defendant has also argued that the results of the blood-alcohol test in question should be suppressed for the following reasons: (1) The laboratory test report in question was not listed "by weight" in

conformity with the statute authorizing the administration of such tests, Vehicle Code, 75 Pa.C.S.A. §1547(b). (2) the "chain of custody" was not properly established.

We feel that neither of these objections are the basis for suppression motions and should be reserved for the time of trial.

## B. MOTION TO QUASH

We have already discussed this motion based on insufficient facts being presented to the magistrate to justify the issuance of an arrest warrant. Based on the aforesaid reasoning, this motion will be denied.

## III. CONCLUSIONS OF LAW

A. Probable cause existed to arrest defendant for the offense of driving under the influence of alcohol and to administer a blood-alcohol test, due to the existence of a reasonable belief that defendant's medical condition would not allow him to summon sufficient breath to complete a breathalyzer test: Com. v. Funk, 254 Pa. Superior Ct. 233, 385 A. 2d 995 (1978).

B. The test administered, under the peculiar circumstances of this case, may be viewed as reasonably contemporaneous with the lawful arrest of defendant on the within charge.

C. Defendant gave free and voluntary consent to the administration of the blood-alcohol test in question.

D. Sufficient facts were before the magistrate in the affidavit presented to form the basis for probable cause to issue an arrest warrant for defendant.

In light of the above, we issue herewith the following

## ORDER

And now, September 10, 1980, defendant's pretrial omnibus motions to suppress evidence and quash information is hereby denied. The results of the blood-alcohol test administered to defendant pursuant to his arrest on the within charge shall be admissible at trial of the same.