## Commonwealth v. Kelly

*J. Michael Eakin,* Assistant District Attorney, for the Commonwealth.

*David S. Keller,* for defendant.

SHUGHART, *P.J.,* February 8, 1983 — The issue is whether the results of a blood test, which indicate that defendant was under the influence of alcohol, should be suppressed because defendant was not

first afforded an opportunity to submit to a breath test.

According to testimony at the January 20, 1983, suppression hearing, the attention of the police was brought to this matter as they were investigating a motor vehicle accident in which the defendant was involved. The first officer on the scene, the affiant, observed that defendant was bleeding about the face. An ambulance was immediately summoned. Within minutes a second officer arrived. This officer, trained as an emergency medical technician, commenced a medical examination of the defendant pending arrival of the ambulance. The officer observed that the defendant had a contusion, laceration, and swelling above the eye. He was also bleeding from this area. Apparently of greater concern, however, was the irregular eye construction and dilation of defendant. Such a symptom, according to the officer, could indicate a concussion or skull fracture. In the trained officer's judgment, "[the defendant] was very definitely in need of hospital attention."

Because of the officer's concern for defendant's physical condition, he did not offer defendant an opportunity to submit to a breath test, which would have required transporting him to the West Shore Records Center. Instead, defendant was placed under arrest and immediately transported to the hospital. The officer joined him there approximately 45 minutes to an hour after he had been called to the accident scene. Upon arriving the officer sought defendant's consent for a blood test. Defendant consented. The officer made no mention of a breath test because there was no breathalyzer equipment available at the hospital and he did not think transporting defendant to the West Shore Records Center was a viable option. The officer was not sure when

defendant was to be released from the hospital, and he said he felt that the time it would take to get to the records would so delay the test that the results would be inadmissible. Hence, the blood was drawn. Defendant subsequently had x-rays taken of his skull and was released from the hospital.

The defense argues that because defendant was physically able at all times to supply enough breath for a breath test, he should have been given that opportunity, and in the absence thereof, the results of the blood test should be suppressed pursuant to section 1547 of the Vehicle Code of June 17, 1976, as amended, 75 Pa.C.S.A. § 1547(g), which provides in pertinent part:

Blood test in lieu of breath test. — If for any reason a person is physically unable to supply enough breath to complete a chemical test, a physician or nurse or a technician acting under a physician's direction may withdraw blood for the purpose of determining its alcoholic content. The chemical analysis of the blood taken under these circumstances shall be admissible in evidence in the same manner as are the results of the breath chemical test.

A breath test, as the least intrusive method of determining blood alcohol content, is unquestionably the preferable method of testing in the normal course of investigation. Nevertheless, contrary to a narrow reading of section 1547(g), a blood test is an available option absent the impossibility of a breath test. Commonwealth v. Lee, 257 Pa. Super. 326, 390 A.2d 845 (1978) (per curiam). When defendant's physical condition negates the effective use of a breath test, a blood test is a valid alternative notwithstanding defendant's ability to supply a breath sample.

In the instant case, a blood test was the only option safely available to the police. They were certainly justified — and indeed should be commended —

for their concern for defendant's physical well-being. To ignore defendant's injuries to take him for a breath test rather than sending him to the hospital would have been a risky, if not foolish, decision. Once the decision to obtain emergency treatment was made, the option of a breath test was effectively taken away by Father Time. Securing a reliable reading, that is, one that reflected defendant's condition at the time of the accident, would have been impossible once the test had been significantly delayed by the hospital visit. For all intents and purposes, the loss of opportunity to submit to a breath test was due to defendant's injuries, even though fortunately they were not as severe as feared. Since the breath test was not an option, there was no need for the officer to mention such a test to defendant.

In·short, we find no violation of defendant's constitutional rights. Defendant voluntarily consented to the blood test, and the results therefrom are admissible.

### ORDER OF COURT

And now, February 8, 1983, for the reasons appearing in the opinion filed this date, defendant's motion to suppress the results of the blood test is hereby denied.