J-S26041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHANE JORGE ALVAREZ-GRAULAU, | : | |
| | : | |
| Appellant | : | No. 1632 MDA 2016 |

Appeal from the Judgment of Sentence June 21, 2016
In the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0000671-2016

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 23, 2018**

Appellant, Shane Jorge Alvarez-Graulau, appeals from the June 21, 2016 Judgment of Sentence entered in the York County Court of Common Pleas after he entered a negotiated guilty plea to one count of Driving Under the Influence ("DUI") (highest rate of alcohol).[1]   After careful review, we affirm.

In January 2016, Appellant drove his Honda Accord through several backyards, damaged a fence, and his vehicle became stuck in a drainage culvert.  After a police officer responded to the scene of the accident and spoke with Appellant, the officer arrested Appellant based on his suspicion

_____

[*]Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c).

that Appellant was driving while intoxicated.[2]  Police gave Appellant implied consent warnings pursuant to 75 Pa.C.S. § 1547(b)(2) (describing officer's duty to inform individuals about the mandatory penalties and consequences of refusing chemical testing).  Appellant consented to a blood draw, from which his blood alcohol concentration ("BAC") was determined to be 0.163%.

Based on Appellant's BAC, he was charged with, *inter alia*, the above-stated DUI offense.  Notably, Appellant did not file any pre-trial motions.

On June 21, 2016, Appellant entered a negotiated guilty plea to DUI (highest rate of alcohol).[3]  That same day, the trial court imposed a term of five years' intermediate punishment, with the first thirty days in York County Prison followed by sixty days on house arrest with alcohol monitoring, as well as a $1,500 fine.[4]

Two days after Appellant's sentencing hearing, the United States Supreme Court decided ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), holding that warrantless blood tests

---

[2] Appellant's eyes appeared blood shot and glassy, his breath smelled of alcohol, he failed three field sobriety tests, and he admitted that he had recently consumed three beers.

[3] The Commonwealth *nolle prossed* several charges.

[4] For clarity, we note that our review of the certified record indicates that the trial court did not impose a mandatory minimum sentence based on Appellant's refusal to consent to a warrantless blood test, and Appellant does not claim that it did.

taken pursuant to implied consent laws are an unconstitutional invasion of privacy. *Id.* at 2186. The Supreme Court stated that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense[,]" and concluded that Birchfield could not be convicted of refusing a warrantless blood draw following his DUI arrest. *Id.*

On June 30, 2016, Appellant filed a Post-Sentence Motion in which he requested to withdraw his guilty plea based on the ***Birchfield*** decision. On August 30, 2016, the trial court denied Appellant's Post-Sentence Motion, concluding that Appellant failed to demonstrate a manifest injustice warranting the withdrawal of his negotiated guilty plea.

Appellant filed a Notice of Appeal on September 29, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

The trial court erred when it denied Appellant's Post–Sentence Motion to Withdraw Plea... [*sic*] denying his request constitutes a manifest injustice because the evidence against him was obtained in violation of the 4th Amendment of the United States Constitution, and... [*sic*] the *Birchfield* decision makes Appellant's plea unknowing and involuntary under the circumstances.

Appellant's Brief at 4 (footnote omitted).

After the imposition of sentence, a trial court may grant a motion to withdraw a guilty plea only to correct a manifest injustice. ***Commonwealth v. Baez***, 169 A.3d 35, 39 n.1 (Pa. Super. 2017). A defendant can establish manifest injustice if, based on the totality of circumstances surrounding the

plea, "the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009). This Court has held that even "[a] deficient plea does not *per se* establish prejudice on the order of manifest injustice." *Id.*

This Court will not disturb the decision of the trial court absent an abuse of discretion, which we have often described as instances where "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]" *Id.* at 128.

In Pennsylvania, it has long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue at all stages of adjudication. *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). *See also Commonwealth v. Moyer*, 171 A.3d 849, 855 (Pa. Super. 2017) (denying retroactive application of *Birchfield* to defendant sentenced two days before *Birchfield* decision where defendant did not challenge the voluntariness of his consent to a warrantless blood draw in the lower court until Post-Sentence Motion); *Commonwealth v. Kehr*, ___ A.3d ___, 2018 PA Super 44 (Pa. Super. filed Feb. 28, 2018) (same, where defendant sentenced three days before *Birchfield* decision).

Appellant argues that the trial court erred in refusing to permit him to withdraw his guilty plea given the *Birchfield* decision, which Appellant

claims rendered his guilty plea "unknowing and involuntary." Appellant's Brief at 11.

As explained above, the United States Supreme Court handed down **Birchfield** two days after Appellant entered his guilty plea and secured his negotiated sentence. Appellant never challenged the voluntariness of his consent to the warrantless blood draw in a pre-trial motion, and he did not raise any issue implicated by the **Birchfield** decision until his Post-Sentence Motion.[5] Thus, he is not entitled to retroactive application of **Birchfield** and the trial court properly denied Appellant's Post-Sentence Motion seeking permission to withdraw his guilty plea.[6] **Kehr**, **supra**; **Moyer**, **supra** at 855.

---

[5] We reject Appellant's assertion that he raised this issue at the earliest possible opportunity since it would have been "frivolous" prior to the **Birchfield** decision. **See** Appellant's Brief at 13. Such challenges were not frivolous to the attorneys representing the consolidated defendants in the **Birchfield** case; they presented those arguments and, in part, succeeded before the United States Supreme Court despite failing to persuade many state courts. Moreover, defendants have filed pre-trial motions to suppress evidence of non-consensual and warrantless blood tests for decades—dating back nearly to the imposition of the federal exclusionary rule on states itself. **See, e.g., Commonwealth v. Murray**, 271 A.2d 500 (Pa. 1970) (reversing denial of pre-trial motion to suppress blood test results, obtained without a warrant or consent, and granting a new trial where police obtained blood on the night of accident but not incident to the defendant's arrest 13 days later).

[6] Appellant's challenge to his guilty plea solely focuses on the **Birchfield** decision. Appellant does not otherwise attack his plea. Accordingly, we agree with the trial court's reasoning that Appellant freely entered his plea knowingly, intelligently, and voluntarily. **See** Trial Court Opinion, 1/11/17, at 3-7.

Judgment of Sentence affirmed.

Justice Fitzgerald did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2018