## Commonwealth *v.* Holloway, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Holly Maguigan* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

The instant appeal comes before us after a non-jury trial, wherein the court found the appellant, Hollo-

way, guilty of receiving stolen goods. Holloway raises two issues for our consideration: (1) That there was no probable cause to arrest him prior to the officer's ascertaining that the goods were stolen; (2) That there was insufficient evidence to establish that he had the guilty knowledge required to sustain a charge of receiving stolen goods.

On the evening of April 1, 1972, a police officer was patrolling a high burglary area in Philadelphia. At that time the officer observed the appellant put a large object on the sidewalk and walk away from it. He then stopped the appellant ten to twenty feet from the object and asked the appellant what it was that he had just abandoned, but the appellant denied that he had abandoned anything. The officer then walked him back to the object which turned out to be a stereo amplifier. Although the officer had no personal knowledge that the amplifier was stolen, he took the appellant and the amplifier to the police station for further investigation. The officer thereupon discovered that the amplifier had indeed been recently reported as stolen.

Prior to trial both the assistant district attorney and the public defender agreed to stipulate that the amplifier was taken from an apartment and that the appellant did not have permission to take it. The apparent intention for so doing was to avoid the necessity of bringing the owner in as a witness.

There was probable cause to make an arrest when the appellant denied that he had abandoned the amplifier despite the fact that the officer saw him do so. Probable cause to arrest exists if the facts and circumstances within the officer's knowledge are sufficient to warrant a man of reasonable caution in the belief that the suspect had committed or is committing a crime: *Commonwealth v. Murray,* 437 Pa. 326 (1970). The officer under the instant facts had probable cause to

believe that criminal activity was afoot. He was properly suspicious about someone in a high burglary neighborhood carrying part of a stereo set on the street after dark. As the officer testified: "I figured, you know, the way he put it down and walked away from it, I figured something was wrong here, you know, more or less he was trying to hide something." This belief was solidified when the appellant denied ever having had possession of it. It is only probability, and not a prima facie showing of criminal activity that is the standard of probable cause for arrest: Id. If the officer had known of a complaint when he took the appellant into custody, he would have had all the evidence presented at trial, i.e., prima facie evidence of guilt beyond a reasonable doubt.

The appellant also argues that *Commonwealth v. Henderson*, 451 Pa. 452 (1973) and *Commonwealth v. Owens*, 441 Pa. 318 (1970), require a reversal of the lower court's judgment of sentence. We disagree. Those cases merely hold that an inference of guilty knowledge may not arise from mere possession of the goods unless, under the circumstances, the possession was relatively proximate to the time the crime was committed. Despite the fact that there was no evidence presented in this case of when the stereo was stolen, the appellant's denial that he had the amplifier in his possession was an independent and sufficient basis for the inference of guilty knowledge.

We affirm.