385 A.2d 496

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dale KUNKEL and Alfred F. Crawford, Appellees.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 13, 1978.

6

Charles W. Johns and Robert L. Eberhardt, Assistant District Attorneys, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

Robert W. Selko and James Kerry O'Malley, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellees were charged with gambling, poolselling, bookmaking, and related offenses. The lower court granted their suppression motion on the basis that the search warrant had been improperly issued. The Commonwealth filed this appeal.

■ It is settled that the Commonwealth may only appeal from a pre-trial order suppressing evidence if two requirements are satisfied: the appeal must involve a pure question of law, and the suppression must effectively terminate or substantially handicap the prosecution. *See Commonwealth v. Barnett,* 471 Pa. 34, 369 A.2d 1180 (1977); *Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. DeFelice,* 248 Pa.Super. 516, 375 A.2d 360 (1977). The second requirement was stated in *Commonwealth v. Bosurgi, supra,* 411 Pa. at 63–64, 190 A.2d at 308, as follows:

> From the point of view of the Commonwealth, two possible situations may arise: (a) the order of suppression will result in a termination and conclusion of the prosecution or (b) while the order of suppression will not result in a termination or conclusion of the prosecution, it will result in a prosecution wherein the Commonwealth is substantially handicapped because it cannot present *all* its available evidence.

It is, however, not settled how the Commonwealth is to show that it is "substantially handicapped"; indeed our cases are

in conflict, and before we may decide this case they must be reconciled.

–1–

In *Commonwealth v. DeFelice, supra,* the majority of this court, per HOFFMAN, J., held that an appeal will be quashed where we determine from our examination of the record that the suppression order does not *in fact* terminate or substantially handicap the prosecution. In *Commonwealth v. Trefry,* 249 Pa.Super. 117, 375 A.2d 786 (1977), the majority, per PRICE, J., held that the bare allegation by the Commonwealth that it would be substantially handicapped was sufficient to assure appellate review.

These tests appear irreconcilable: Judge PRICE's test is satisfied by a bare allegation; Judge HOFFMAN's test requires a factual finding from the record. This appearance of irreconcilability is further manifested by the conflicting opinions in *Commonwealth v. Deren,* 233 Pa.Super. 373, 337 A.2d 600 (1975). There, the dissenting opinion, by SPAETH, J., joined by JACOBS, J., concluded that the record did not support the conclusion that the prosecution would be substantially handicapped. *Id.,* 233 Pa.Super. at 383–89, 337 A.2d at 605–608. The majority opinion, however, by PRICE, J., held that

> we must accept such an appeal as the Commonwealth's good faith certification that the case will be terminated or substantially prejudiced . . . .
>
> To apply any other test could *permanently* exclude evidence even if it was improperly suppressed.

*Id.,* 233 Pa.Super. at 378, 337 A.2d at 602.

Upon reflection, however, and with a little pushing and pulling, these apparently irreconcilable tests may be reconciled.

■ In its opinion, the majority in *Commonwealth v. Deren, supra,* says this:

> An appellate review of the validity of the order of suppression cannot harm the defendant whereas the denial of the right to such review *does harm* the Commonwealth.

*Id.,* 233 Pa.Super. at 377, 337 A.2d at 602 (emphasis added).

Thus, despite its statement about having to "accept . . an appeal as [a] . . . good faith certification," the majority in *Deren* recognized the need for a factual finding, that is, for a finding that the suppression order "does harm" the prosecution. Indeed, this recognition was compelled by the principle that this court must always determine for itself that in fact it has jurisdiction to hear the case; jurisdiction may never be conferred by one, or both, of the parties, *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965), as would be the case were we to accept a bare allegation of substantial handicap, that is, a bare allegation that we had jurisdiction.[1]

The question, therefore, is: How is this court to make the factual finding that the suppression order "does harm" the Commonwealth? The majority opinion in *Commonwealth v. DeFelice, supra,* holds that we must be able to make the finding *by reference to the record* of the suppression hearing. The majority opinion in *Commonwealth v. Deren, supra,* may be read as saying that we may make the finding *without reference to the record,* and *simply on the basis* of the Commonwealth's bare allegation; it is not necessary, however, to read the opinion in this way.

An opinion, like any other statement, should always be read in light of the reason given in its support. In *Commonwealth v. Deren, supra,* the majority alluded to the danger that if we did not accept the Commonwealth's bare allegation, we might *"permanently* exclude evidence even if it was improperly suppressed." *Id.,* 233 Pa.Super. at 378, 337 A.2d at 602. In fact, however, that danger can easily be avoided by a slight modification of the holding in *Commonwealth v. DeFelice, supra.*

1. Since the court reserves the right to raise the issue of its own jurisdiction, *see, e. g., Davidyan v. Davidyan,* 229 Pa.Super. 495, 327 A.2d 139 (1974), the fact that no party has moved to quash an appeal is not determinative. *Cf. Commonwealth v. DeFelice, supra,* 248 Pa.Super. at 368, 375 A.2d at 366 (dissenting opinion).

■ If, when the appeal is filed, the record already shows that the suppression will terminate or substantially handicap the prosecution, there is no problem; the appeal is proper. This will often be the case, as, for example, when the district attorney makes a statement of record, before the judge hearing the motion to suppress, that the Commonwealth's only evidence is the evidence that the defendant seeks to have suppressed. Or that fact may otherwise appear of record, as for example in the testimony of the arresting officer. In such circumstances the Commonwealth need only direct our attention to the record by appropriate references in its brief.

Cases that might seem more difficult are those in which the record before the hearing judge does not show that the suppression will terminate or substantially handicap the prosecution. In fact, however, these cases do not present either a different problem or a problem that may not be easily solved. All the Commonwealth need do is include in its brief a brief explanation why the suppression will terminate or substantially handicap the prosecution: for example, that it has no eyewitnesses; or that it does have an eyewitness but the witness' opportunity to observe was so brief that without the results of the breathalyzer test, or the fingerprints, or whatever the evidence in question is, the prosecution will be substantially handicapped.

■ Accordingly, we now hold that in every case in which the Commonwealth appeals from an order suppressing evidence, the Commonwealth must include in its brief, in support of its claim that this court has jurisdiction to hear the appeal, first, a statement that the suppression will terminate or substantially handicap the prosecution; and second, a brief explanation, not inconsistent with the record, why this is so.

This holding is not so strict as the holding in *Commonwealth v. DeFelice,* for the Commonwealth's statement of why the prosecution will be terminated or substantially handicapped need not be (although it may be) based on the record. At the same time, this holding avoids both the

danger of exclusion, alluded to in *Commonwealth v. Deren,* and the impropriety of accepting jurisdiction on the basis of one party's bare, that is, conclusory and unexplained, allegation of jurisdiction.

–2–

Here, appellees successfully argued to the lower court that the warrant was improper in that it had been issued to police officers acting outside of their jurisdiction. The suppression hearing, the lower court's opinion, and the briefs filed with this court, all focus on this issue, without any explanation or amplification of the facts. The only facts that appear are that pursuant to information received from an informant, a search warrant was issued for appellee Kunkel's residence, and that various gambling paraphernalia, such as note pads, telephones, and telephone bills, were found and seized there. It was these paraphernalia that were suppressed. There is no allegation in the Commonwealth's brief to us—not even a bare, or conclusory, allegation, much less an allegation accompanied by an explanatory statement—that the suppression will terminate or substantially handicap the prosecution. Whether the Commonwealth has other evidence, such as the testimony of an eyewitness, does not appear. In these circumstances we have nothing from which to make a finding, either that we do, or that we do not, have jurisdiction to hear the appeal. Accordingly, we shall defer decision so that the Commonwealth may file a supplemental brief stating, as held in this opinion, first, whether the suppression will terminate or substantially handicap the prosecution, and second, if it will, why.

It is so ordered.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

JACOBS, President Judge, concurs in the result.

HOFFMAN, J., files a dissenting opinion.

PRICE, J., files a dissenting opinion in which VAN der VOORT, J., joins.

HOFFMAN, Judge, dissenting:

I cannot accept the compromise proffered by the Majority in its commendable attempt to reconcile the conflicting case law on when the Commonwealth may appeal the grant of a suppression order. I continue to adhere to my position, approved by a Majority of our Court in *Commonwealth v. DeFelice,* 248 Pa.Super. 516, 375 A.2d 360 (1977), that we must quash a Commonwealth appeal unless our review of the record indicates that the suppression order *in fact* terminates or substantially handicaps the prosecution. In the instant case, my review of the record does not reveal the requisite prejudice. Accordingly, I dissent and would quash the Commonwealth's appeal.

PRICE, Judge, dissenting:

The majority has accurately and properly highlighted a problem area in our recent decisions concerning the right of the Commonwealth to appeal adverse rulings of pre-trial orders suppressing evidence. It is clear that the Commonwealth may only appeal such an order when the appeal involves a pure question of law and the order has effectively terminated or substantially handicapped the prosecution. The statement of the law, however, is much easier than its application, as demonstrated by our recent decisions.

I cannot, however, accept the "little pushing and pulling" engaged in by the majority in its commendable effort to resolve this problem.

In *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963), it was stated:

"An appellate review of the validity of the order of suppression cannot harm the defendant whereas the denial of the right to such review does harm the Commonwealth." *Id.,* 411 Pa. at 64, 190 A.2d at 308.

In *Commonwealth v. Deren,* 233 Pa.Super. 373, 337 A.2d 600 (1975), in writing for the majority, I stated:

"We interpret this to mean that any time the Commonwealth alleges that its case will be either terminated and

concluded or substantially prejudiced by a suppression order, we must review the suppression order only on its merits. Stated another way, when the District Attorney from one of the counties of this Commonwealth directs an appeal from the suppression of evidence, we must accept such an appeal as the Commonwealth's good faith certification that the case will be terminated or substantially prejudiced by such an order, and determine only if the suppression was proper.

To apply any other test could *permanently* exclude evidence even if it was improperly suppressed. Such a result is contrary to our function in this matter, which is to ascertain that all evidence received is proper and to insure that the rights of all parties are protected. The District Attorney, representing the people of this Commonwealth, and he alone, has the right and duty to present the Commonwealth's case with all the legally available evidence that he, in his judgment, believes to be substantially necessary to the case.

In the case of *Commonwealth v. Rose,* 211 Pa.Super. 295, 235 A.2d 462 (1967), the Commonwealth appealed a suppression order and Judge Jacobs, writing for the majority, stated: '[s]ince appellee has not filed a motion to quash, we will assume that the suppression order will substantially handicap the commonwealth and hear the appeal.' 211 Pa.Super. at 296, 235 A.2d at 463. When we are correctly willing to *assume* substantial prejudice we must also be willing to accept the Commonwealth's stated position that it *will be* substantially prejudiced by the suppression order." 233 Pa.Super. at 377–78, 337 A.2d at 602.

I see no reason to abandon that position now since, in my opinion, it clearly and positively solves the problem and, absent evidence that the District Attorneys of this Commonwealth are abusing this reliance upon their good faith certification, seems a logical test, simple in its application.

In addition, the "compromise" suggested by the majority is in fact merely a shifting of the dispute. I am certain that,

under the majority's holding, the disputes and divisions will continue over whether or not the proposed statement in the Commonwealth's brief satisfies the test of *Commonwealth v. Bosurgi, supra.*

Turning to the merits, as I believe we must, I would reverse the suppression order of the lower court.

The issue presented, a pure question of law, is novel, and I have been unable to find any appellate decisions dealing with the problem.

Ross Township and Shaler Township are adjacent municipalities in Allegheny County. A police officer of Ross Township, in the course of his duties, discovered evidence indicating the existence of a gambling operation in Shaler Township. The Ross Township policeman applied for and was issued a search warrant by a Shaler Township magistrate for the search of premises in Shaler Township. The search warrant was properly executed by Shaler Township policemen accompanied by the Ross Township policeman.

The sole question involved is the authority of the Ross Township policeman to serve as the affiant on the warrant and to have the warrant issued to him. The application reveals that the police officer of Ross Township signed as the affiant and in the space indicated for "address of private affiant" gave an address. There is no indication that the affiant was acting as a police officer in so applying, although the probable cause section does reveal that the affiant's police activities formed the basis for the request and that a part of the investigation was conducted within the boundaries of Shaler Township.

I am aware of no authority for the proposition that only police officers may secure search warrants, nor am I aware of any limitation by municipal residence of the affiant on the validity of an affidavit, whether made by a policeman or a private citizen. The execution of a search warrant, of course, must be by law enforcement officials within their jurisdiction, as the warrant here involved was executed! It seems to me only reasonable and logical that an officer

investigating a crime in his jurisdiction who comes upon proper probable cause for a warrant in another jurisdiction can seek, secure on his own affidavit, and execute a warrant in another jurisdiction so long as he is accompanied and supported by local law enforcement officers acting within their proper jurisdictional limits.

I would reverse the order of the lower court and remand for trial.

VAN der VOORT, J., joins in this dissenting opinion.