393 A.2d 787

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Ralph A. MARTZ, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Oct. 20, 1978.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Com., appellant.

Lynn Erickson Stock, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:[1]

Appellant was charged with criminal mischief. The lower court granted his motion to suppress certain evidence on the

[1]. The plurality opinion, by this writer, was joined by Judge CER-CONE, President Judge JACOBS concurring in the result. Judge HOFFMAN filed a dissenting opinion, but he adopted a stricter view than the plurality opinion in that he would have required that the record show in fact that the Commonwealth would be handicapped in its prosecution. Judge PRICE, joined by Judge VAN der VOORT, filed a dissenting opinion in which he argued that the Commonwealth's assertion that it would be handicapped in its prosecution

basis that the search warrant had been improperly issued. The Commonwealth filed this appeal.

It is settled that the Commonwealth may only appeal from a pretrial suppression order if the question raised by the order is a pure question of law, and if the order effectively terminates or substantially handicaps the prosecution, *Commonwealth v. DeFlice*, 248 Pa.Super. 516, 521, 375 A.2d 360, 363 (1977) (cases cited therein).

In *Commonwealth v. Kunkel*, 254 Pa.Super. 5, 10, 385 A.2d 496, 499, a plurality of this court held that in order to show that this court has jurisdiction to hear the appeal

the Commonwealth must include in its brief . . . first, a statement that the suppression will terminate or substantially handicap the prosecution; and second, a brief explanation, not inconsistent with the record, why this is so.

*Id.,* 254 Pa. at 10, 385 A.2d at 499.

Since the Commonwealth's brief in *Kunkel* did not contain "even a bare, or conclusory, allegation . . . that the suppression will terminate or substantially handicap the prosecution", *id.,* 254 Pa. at 11, 385 A.2d at 499, we deferred decision to allow the Commonwealth the opportunity to file a supplemental brief containing a statement and explanation as required by our holding.

Similarly, here, the Commonwealth's brief contains no such statement and explanation. However, since the Commonwealth's appeal was taken before our decision in *Kunkel,* it would be unfair to penalize the Commonwealth for failing to comply with *Kunkel's* requirements.[2] *Cf. Commonwealth v. Harrsch*, 245 Pa.Super. 411, 369 A.2d 470 (1976) (appellant given leave to file petition to withdraw guilty plea with lower court where appeal filed before decision requiring this procedure). Therefore, we shall defer

would be sufficient. Former President Judge WATKINS did not participate in the consideration or decision of this case.

2. Our decision in *Kunkel* was handed down on April 13, 1978. The Commonwealth filed notice of appeal in the instant case on January 10, 1977.

decision to allow the Commonwealth an opportunity to file within thirty days a supplemental brief stating whether the suppression will terminate or substantially handicap the prosecution, and if so, briefly explaining why.

So ordered.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.