407 A.2d 454

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lynn HARGRAVES.**

Superior Court of Pennsylvania.

Submitted April 10, 1979.

Decided July 25, 1979.

96

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal by the Commonwealth[1] from an order of court granting, in part, appellee-defendant's motion to suppress physical evidence seized in a warrantless search of an automobile.

Appellee was charged with two counts of receiving stolen property pertaining to a stolen CB radio and numerous allegedly stolen savings bonds. On March 8, 1978, a motion to suppress was filed, and a hearing was held before Judge George Ross on April 26, 1978. An order was thereafter entered granting appellee's motion with respect to the savings bonds, and denying suppression as to the CB radio.

The incident involved in this appeal occurred on November 23, 1977, at approximately 11:00 P.M., when two City of Pittsburgh police officers observed appellee and a passenger operating an automobile which had an expired Pennsylvania license plate. Appellee was unable to produce any evidence of ownership. The inspection sticker on the vehicle had also expired. A police check indicated that the plate was stolen, however, no verification of ownership could be made at that time. Appellee and his passenger were placed under arrest for the possible stolen vehicle. The police, upon looking into the interior of the vehicle, observed the following in the front seat area in plain view: a slap hammer,[2] a CB radio with the name "Irvine" written on the top, numerous broken CB radio locking mechanisms on the floor, and a coat hanger bent open. The officers, upon searching the remainder of the interior of the car, discovered a U. S. postal envelope containing numerous savings bonds bearing the name "Dzurikania" underneath a black leather coat on the back seat. At the suppression hearing, the appellee-defendant took the stand and contradicted the testimony of the officers, how-

1. Appellee-defendant has not filed a brief and relies on the lower court opinion.

2. There is testimony to the effect that a slap hammer is commonly used in stealing a car to break the locks on the ignition system; however, it also has a legitimate function for pulling dents out of cars.

ever the hearing judge, although granting the motion to suppress the bonds, resolved conflicts in testimony in favor of the Commonwealth. The court found that under the totality of the circumstances, the police did not have probable cause to search the entire vehicle without a warrant. It is from this order that the Commonwealth is appealing.[3]

The general rule dealing with warrantless automobile searches allows that a car may be searched or seized without a warrant if there are both exigent circumstances and probable cause to believe that the car will yield contraband or useful evidence for the prosecution of crime. See *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) and *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In the instant case, the police clearly had probable cause to initially stop the vehicle driver by appellee to inquire about the expired license plate which was a violation of the Motor Vehicle Code. See *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973) and *Commonwealth v. Stoner,* 236 Pa.Super. 161, 344 A.2d 633 (1975). Upon discovering that the plate was stolen, and that appellee was unable to produce proof of ownership, the officers acted reasonably in arresting appellee on the stolen vehicle charge. This is true even though he was later able to establish that he did in fact purchase the car from another. Once appellee was legally placed under arrest, a warrantless search of the automobile, which was in his immediate control, was permissible as incident to the arrest. See *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The officers, under the circumstances, were entitled to search the car for some indicia of ownership which would have provided useful evidence in the prosecution of the crime for which appellant was charged.

In this instant, the right to search was directly dependent on the right to arrest, and therefore it is not necessary to

---

**3.** The Commonwealth did not pursue the prosecution for the CB Radio and they submit that the challenged order of the court has effectively terminated prosecution for Receiving Stolen Property and is therefore appealable. *Commonwealth v. Kunkel,* 254 Pa.Super. 5, 385 A.2d 496 (1978).

further discuss whether the search could be characterized as inventorying under the police caretaking function, see *Commonwealth v. Brandt*, 244 Pa.Super. 154, 366 A.2d 1238 (1976), or whether it was justified by the automobile exception as enunciated by *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and *Chambers*, supra, which permits a warrantless search of an automobile for contraband based on the element of mobility as an exigent circumstance.

The order of the lower court suppressing evidence is reversed and the case remanded for trial.