418 A.2d 754

COMMONWEALTH of Pennsylvania

v.

Bernett Lee JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed March 7, 1980.

Patrick McFalls, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

VAN der VOORT, Judge:

Appellant has appealed from a judgment of sentence which followed his conviction on a charge of burglary. . He challenges the legality of his arrest and the use of evidence which resulted from it, contending that without such evidence there was an insufficient basis on which to convict him. Similar contentions were raised by post–trial motions and denied.

The circumstances of appellant's arrest were as follows: On March 1, 1977, at approximately 9:30 p. m., Officers Howard F. Trojanowski and William Varballa, cruising on patrol, heard by radio transmission a report of a residential burglary some seven blocks away and proceeded promptly to the scene. On a street immediately to the rear of the burglarized premises, the officers observed an automobile proceeding without headlights, an extremely loud muffler and three occupants. The officers put on the flashing red light of the police car and stopped the suspect vehicle within one block.

The appellant immediately got out of the car and walked toward the front of the vehicle but was stopped by Officer Trojanowski. Officer Varballa went to the driver's side of the car to check for an operator's license and, as he stood there, he saw two television sets on the rear seat. The operator of the car had no driver's license and a radio check on the scene revealed that he was unlicensed and had a previous unlicensed driving offense.

At that point, the officers took the three occupants of the automobile into custody and drove them to the police station. Within five to ten minutes after the arrival at the police station, the officers received a description of the television sets as the burglarized items, telephoned to the police station by a fellow officer from the burglarized home. A few minutes later, the victim of the burglary came to the police station and identified both television sets as the items stolen from his home. Thereupon, at approximately 10:00 p. m.,

the appellant was placed under arrest and read his *Miranda* rights. About two hours later, appellant admitted to Officer Varballa that he had taken the television sets from the burglarized home, but claimed that his companions were not involved.

The burglary took place on March 1, 1977. On March 8, a preliminary hearing was held at which appellant was represented by counsel from the Public Defender's office. The arresting officers were present at the hearing. A Praecipe for the appearance of appellant's counsel was filed on March 13. On April 7, appellant's counsel filed a motion to suppress, alleging that the appellant had been arrested illegally and that the items seized pursuant to his arrest, i.e., the television sets, were therefore inadmissible as evidence. On May 26, 1977, a hearing was held on the motion to suppress, immediately preceding trial on the merits.

At the commencement of the suppression hearing, appellant's counsel moved to amend the motion to suppress to include "any confessions or admissions made as a result of the illegal arrest". The court refused to permit amendment because it was not made within thirty days after arraignment as required by Rules 306, 307 and 323 (b) of the Rules of Criminal Procedure. At the conclusion of the suppression hearing, the court ruled that the arrest had been legally made and denied the motion to suppress the evidence found in the car at the time of the arrest.

The court, sitting without a jury, proceeded immediately to trial on the merits and appellant was convicted on the charge of burglary. Post–trial motions were argued and denied on October 13, 1977. Appellant was sentenced on April 2, 1978 and from that judgment of sentence now appeals.

■ We shall deal first with appellant's contention that he should have been permitted to enlarge his suppression motion to include "any confessions or admissions made as a result of the illegal arrest". Appellant had been represented by the Public Defender's office for more than two months prior to trial, and counsel from that office had been present

at the preliminary hearing on March 8, as had the arresting officers. The trial court concluded that under the circumstances, counsel either knew or should have known of the confession in time to meet the deadline of Rules 306, 307 and 323 (b).

However, Rule 323 (b) also provides that the time in which a suppression motion must be made may be expanded if the opportunity to make the motion did not previously exist or if the interests of justice indicate that the time should be extended. Appellant contends that his counsel could not have known of his alleged confession because he denied making it. On the other hand, his counsel was present at the arraignment and had the full thirty days provided by the rules within which to determine the scope of his suppression motion.

Without determining whether counsel should have known of the confession when he filed his original suppression motion, we are convinced that the interests of justice would best be served by treating the amendment to the suppression motion as having been granted, thereby putting before us for review not only the issue as to the admissibility of the evidence that the television sets were found on the rear seat of appellant's car, but that appellant had confessed his involvement in the burglary to Officer Varballa two hours after the arrest. The suppression motion thus expanded, challenges the admissibility of both items of evidence on the single contention that appellant was illegally arrested and that both items of evidence were the fruits of the arrest. If we were to determine that the arrest was illegal and that both items of evidence were the fruit of that arrest, both should be excluded. It would not serve the interests of justice to exclude the evidence of the television sets on the rear seat of appellant's car and admit the admission of guilt if both were tainted by the same illegal arrest. Consequently, we shall treat the suppression motion as suitably amended and both items of evidence as under review.

■ We turn now to the legality of appellant's detention for approximately thirty minutes preceding his arrest. At the time the appellant and his companions were stopped and

the television sets observed, the officers had been informed by police radio of a near–by burglary at an address known to them to be residential and were acting upon that information. Within a very few minutes of the burglary, they observed appellant's car on a street just to the rear of the burglarized premises, proceeding without lights and with an extremely loud muffler. The police stopped the car and while Officer Varballa stood outside the car next to the driver and asked to examine his operator's license, he observed two television sets in plain view on the rear seat of the car. This was within fifteen minutes of the first report to the officers of the burglary. The timing, within minutes of the burglary, the location of the car within one block and in the immediate rear of the burglarized home, the use of the car without headlights, and the demeanor of the appellant and his companions, were cumulatively more than sufficient circumstantial evidence to justify their detention until the officers could communicate with other officers at the burglarized residence.

The adequacy of probable cause for an arrest was quickly confirmed when appellant was taken to the police station. Within a few minutes, a telephone call from an officer at the burglarized residence confirmed that the theft had consisted of two television sets of the make found in appellant's car. Within a few minutes more, the victim of the burglary had come to the police station and identified the television sets found in appellant's car as the ones stolen from his home. Thereupon, appellant was arrested, approximately 10:00 p. m., some thirty minutes after he had been first apprehended.

Probable cause to hold a suspect in custody while facts are checked is present where, "the facts and circumstances within the knowledge of the officer, or of which he has reasonable trustworthy information, are sufficient to warrant a man of reasonable caution in believing the suspect has committed or is committing a crime": *Commonwealth v. Hayes*, 237 Pa.Super. 510, 513, 352 A.2d 121, 122 (1975). All circumstances surrounding the apprehension should be taken into account in determining whether probable cause existed:

*Commonwealth v. Lawson,* 454 Pa. 23, 27, 309 A.2d 391, 394 (1973). In *Commonwealth v. LeSeuer,* 252 Pa.Super. 498, 382 A.2d 127 (1978), we sustained the admissibility of evidence taken by police during a preliminary examination although confirming facts which warranted an arrest were not determined until the following morning. Here, the confirming facts were ascertained about thirty minutes after initial detention. Measured by the foregoing standards, we find sufficient probable cause to justify appellant's apprehension on the highway and his short detention at the station while the officers confirmed their suspicions and then arrested appellant.

The legality of the arrest being sustained, no basis for challenge remains to the admissibility of the testimony concerning the discovery of the television sets in appellant's car or his admission of the burglary to Officer Varballa.

█ The evidence before the court clearly supports appellant's conviction for burglary. His admission that he was the burglar and the victim's identification of the television sets found in appellant's car as the property burglarized from his residence constitute sufficient evidence to sustain appellant's conviction.

Affirmed.

SPAETH, J., concurs in the result.