421 A.2d 718

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles TROTMAN.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Aug. 29, 1980.

Petition for Allowance of Appeal Denied March 16, 1981.

James Gregor, Assistant District Attorney, Stroudsburg, for Commonwealth, appellant.

George Westervelt, Jr., Stroudsburg for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

PER CURIAM:

The Commonwealth, appellant herein, contends that the lower court erred in granting appellee's motion to suppress certain physical evidence and statements on the basis that they had been obtained as a result of an illegal search. Appellee has filed a motion to quash this appeal. For the reasons which follow, we grant appellee's motion.

"It is settled that the Commonwealth may only appeal from a pretrial suppression order if the question raised by the order is a pure question of law, and if the order effectively terminates or substantially handicaps the prosecution . . . ." *Commonwealth v. Martz*, 259 Pa.Super. 201,

203, 393 A.2d 787, 788 (1978). In *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), our Supreme Court stated:

> From the point of view of the Commonwealth, two possible situations may arise: (a) the order of suppression will result in a termination and conclusion of the prosecution or (b) while the order of suppression will not result in a termination or conclusion of the prosecution, it will result in a prosecution wherein the Commonwealth is substantially handicapped because it cannot present *all* its available evidence.

*Id.*, 411 Pa. at 63, 190 A.2d at 308 (emphasis in original). In *Commonwealth v. Kunkel*, 254 Pa.Super. 5, 385 A.2d 496 (1978), a plurality of our Court held "that in every case in which the Commonwealth appeals from an order suppressing evidence, the Commonwealth must include in its brief in support of its claim that this court has jurisdiction to hear the appeal, first, a statement that the suppression will terminate or substantially handicap the prosecution; and second, a brief explanation, not inconsistent with the record, why this is so." *Id.*, 254 Pa.Super. at 10, 385 A.2d at 498–499.[1] Subsequently, in *Commonwealth v. Martz*, 259 Pa.Super. 201, 393 A.2d 787 (1978), a majority of our Court adopted the *Kunkel* requirements but held that although the Commonwealth's brief did not comply with those requirements, it would be unfair to penalize the Commonwealth because the appeal had been filed before our Court's decision in *Kunkel*. Consequently, the Court allowed the Commonwealth thirty days to file a supplemental brief in conformity with *Kunkel*.

As in *Kunkel* and *Martz*, the Commonwealth's brief in this case does "not contain 'even a bare, or conclusory, allegation . . . that the suppression will terminate or substantially handicap the prosecution,' " *Commonwealth v. Martz, supra*,

---

1. The plurality in *Kunkel* adopted this test in an attempt to reconcile a conflict in our cases regarding the manner in which the Commonwealth must show that it has been "substantially handicapped." *Compare Commonwealth v. DeFelice*, 248 Pa.Super. 516, 375 A.2d 360 (1977); *with Commonwealth v. Trefry*, 249 Pa.Super. 117, 375 A.2d 786 (1977).

259 Pa.Super. at 203, 393 A.2d at 788 (quoting *Commonwealth v. Kunkel, supra,* 254 Pa.Super. at 11, 385 A.2d at 499).[2] Because the Commonwealth's notice of appeal in this case was filed more than a year after this Court's decision in *Kunkel* and almost six months after *Martz,*[3] we must quash this appeal.

Appeal quashed.

PRICE, J., files a concurring statement.

PRICE, Judge, concurring:

I concur in the decision to quash this appeal solely on the basis of the majority position in *Commonwealth v. Kunkel,* 254 Pa.Super. 5, 385 A.2d 496 (1978). My position and current belief is still in *Commonwealth v. Deren,* 233 Pa.Super. 373, 337 A.2d 600 (1975) and in my dissent in *Kunkel, supra.* Hopefully, we can expect some further direction from our supreme court since, in *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963), their last word on the question sets forth the proper test, but gives no guidance on its application.

---

2. Additionally, the Commonwealth's brief does not contain a statement of jurisdiction as required by Pa.R.App.P. 2111(a)(1).

3. This appeal was filed on April 16, 1979. *Kunkel* was decided on April 13, 1978, while *Martz* was decided on October 20, 1978.