429 A.2d 1125

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carl VEAL.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed May 8, 1981.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Andrew G. Gay, Philadelphia, did not file a brief on behalf of appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

PER CURIAM:

The Commonwealth contends that the lower court erred in suppressing a quantity of heroin seized from appellee. We agree and, accordingly, reverse the order of the lower court.

Appellee was arrested and charged with criminal conspiracy, possession of heroin with intent to deliver, and delivery of heroin. Appellee subsequently filed a motion to suppress certain packets of heroin. Following a hearing, the lower court suppressed the heroin. This appeal followed.

The lower court found the following facts. During surveillance of appellee's house, members of the Philadelphia Police Department Narcotics Unit saw a man leave his car and enter appellee's house. Appellee had answered the door and admitted the man. After staying for several minutes, the man left appellee's house and spoke to Officer Gontrand Hodges, who signalled to Sergeant Richard Strohm that the man had just purchased some heroin. The officers arrested the man and seized from him twenty-five glazed paper packets of white powder which the officers believed to be heroin. After Officer Hodges showed the packaged heroin to Sergeant Strohm, they went to appellee's house to purchase some heroin. Strohm stood on the steps of an adjacent house while Hodges knocked on appellee's door. Appellee opened the door about two feet and stood in the doorway, whereupon Officer Hodges identified himself as a police officer. Simultaneously, Sergeant Strohm moved from his vantage point to a position immediately behind Hodges. At that moment, the sergeant saw that appellee was holding a number of glazed paper packets identical to those seized during the earlier arrest. The sergeant immediately pushed the door open, seized the packets, and arrested appellee.

The Commonwealth contends that Sergeant Strohm had probable cause to seize the heroin. "Where police have a

lawful right to be in the position of observation, they can lawfully seize objects in plain view. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973)." *Commonwealth v. Harris,* 479 Pa. 131, 138, 387 A.2d 869, 873 (1978). In suppressing the heroin, the lower court reasoned that the split second which separated Sergeant Strohm's observation of the packets and his seizure of them was insufficient to allow him to determine that the packets contained heroin. We disagree. As the lower court recognized, Sergeant Strohm, an experienced narcotics agent who had participated in numerous investigations, had just seen identical glazed paper packets which had been seized from a man who had just been arrested for purchasing them in appellee's house. Under these circumstances, we conclude that Sergeant Strohm had probable cause to seize the heroin from appellee. *Cf. Commonwealth v. Kelly,* 487 Pa. 174, 177–178, 409 A.2d 21, 23 (1979) (when officers had neither been informed of nor observed suspicious conduct or circumstances that would give rise to an inference of possession of a controlled substance, they lacked probable cause to seize from plain view an amber prescription vial which contained several foil packets of hashish). Consequently, we conclude that the lower court erred in suppressing the heroin.

Order reversed.