436 A.2d 705

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert James MONTGOMERY.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1981.

Filed Oct. 30, 1981.

Jean Marie Cella, Assistant District Attorney, Media, for Commonwealth, appellant.

John W. Nails, Chester, for appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

The Commonwealth appeals, contending that the lower court erred in suppressing a piece of blue paper, a piece of pink paper, and three marked one dollar bills seized from appellee during a warrantless search. We need not address the merits of this appeal, however, because the Commonwealth has not perfected our jurisdiction to entertain it. In *Commonwealth v. Kunkel,* 254 Pa.Super. 5, 8–10, 385 A.2d 496, 498–99 (1978), a plurality of this Court held:

> [I]n every case in which the Commonwealth appeals from an order suppressing evidence, the Commonwealth must include in its brief, in support of its claim that this court has jurisdiction to hear the appeal, first, a statement that the suppression will terminate or substantially handicap the prosecution; and second, a brief explanation, not inconsistent with the record, why this is so.

*Kunkel* was subsequently adopted by a majority of this Court in *Commonwealth v. Martz,* 259 Pa.Super. 201, 203–04, 393 A.2d 787, 788 (1978). *See also Commonwealth v. Trotman,* 280 Pa.Super. 271, 273, 421 A.2d 718, 718–19 (1980); *Commonwealth v. Hlavsa,* 266 Pa.Super. 602, 607 n.3, 405 A.2d 1270, 1273 n.3 (1979) (SPAETH, J., dissenting). The Commonwealth's brief contains the following unsubstantiated assertion of this Court's jurisdiction:

> This Court has jurisdiction to decide this appeal from a pre-trial order suppressing evidence since the question is

34

purely one of law, and the suppression order results in the effective termination of the prosecution. *Commonwealth v. Kunkel,* 254 Pa.Super. 5, 385 A.2d 496 (1978); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963). Consequently, because the Commonwealth has failed to articulate in its brief how "the suppression will terminate or substantially handicap the prosecution, [and to include] a brief explanation, not inconsistent with the record, why [that] is so," *Commonwealth v. Kunkel, supra,* 254 Pa.Super. at 10, 385 A.2d at 499, its appeal is not properly before this Court.

Appeal quashed.

PRICE, J., did not participate in the consideration or decision in this case.