436 A.2d 1010

COMMONWEALTH of Pennsylvania, Appellant,

v.

Millard BURTON.

Superior Court of Pennsylvania.

Argued April 29, 1981.

Filed Oct. 30, 1981.

74

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Stanton D. Levenson, Pittsburgh, for appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

The Commonwealth appeals two orders of the lower court: the first, suppressing evidence seized from appellee's automobile; and the second, finding appellee not guilty of possessing a small quantity of cocaine. For the reasons which follow, we: (1) reverse the suppression order and remand for further proceedings; and (2) quash the appeal from the order finding appellee not guilty.

At approximately 1:50 a. m. on September 15, 1978, the doorman at Zelda's Greenhouse, a bar located on Forbes Avenue in Pittsburgh, informed Officer Ernest Tomasko that appellee was inside the bar and that he had a gun. Upon viewing appellee through the window of the bar, Officer Tomasko recognized him as the man he had seen leave the bar and go to a nearby automobile on several occasions throughout the evening. As appellee left the bar, Officer Tomasko approached him, and seized the gun which he saw beneath appellee's jacket. When Officer Tomasko asked appellee if he had a permit for the gun, appellee replied that it was located in the trunk of his car. Officer Tomasko and several other policemen who had responded to his request for assistance accompanied appellee to his car. Appellee could not unlock the trunk and claimed that he had dropped the key. While the officers assisted appellee in looking for the key, Officer Tomasko again asked him if he had a permit for the gun. When appellee admitted that he had no permit, Officer Tomasko immediately arrested him for possessing the gun without a license. A subsequent search of appellee incident to his arrest produced a small vial containing a marginal amount of white powder subsequently identified as cocaine. Contemporaneously with appellee's arrest and search incident, Officer John Sitarik, still looking for the missing trunk key, approached the driver's side of appellee's car and shined his flashlight into the interior. He then saw on the front seat a plastic bag containing a substance which he believed to be marijuana. While retriev-

ing the bag from the car, Officer Sitarik noticed a similar bag protruding from a partially opened briefcase. He then removed that bag from the briefcase and noticed that it contained a quantity of rice and a smaller plastic bag containing white powder which he believed to be cocaine.

As a result of the incident, appellee was charged with the following offenses: (1) possession with intent to deliver cocaine; (2) possession with intent to deliver marijuana; (3) possession of cocaine; (4) possession of marijuana; and (5) carrying a firearm without a license. Appellee subsequently filed a motion to suppress all of the evidence seized from his person and his automobile. Following a hearing on appellee's motion, the lower court upheld the seizure of the gun and the small vial containing cocaine but suppressed all of the evidence found in appellee's car. After a brief recess, the lower court conducted a nonjury trial on the charges of possessing cocaine and carrying a weapon without a license. Appellee was found guilty of the weapons offense and not guilty of possessing cocaine. These appeals followed.

■ The Commonwealth contends, *inter alia*, that the lower court erred in suppressing the evidence seized from appellee's automobile.[1] We agree. "Where police have a lawful right to be in the position of observation, they can lawfully seize objects in plain view. *Harris v. United States*, 390 U.S.

1. The Commonwealth's Brief contains the following jurisdictional statement:

The pretrial order, granting appellee's motion to suppress, necessarily involves a question of law. Furthermore, the suppression of the recovered items, amounts of cocaine and marijuana, effectively terminated the prosecution of appellee on Counts One, Two and Four of the Information filed at CC7805508A. These counts included possession with intent to deliver a controlled substance, i. e., cocaine, possession with intent to deliver a controlled substance, i. e., marijuana [,] and possession of marijuana. Termination of the prosecution was necessary since the Commonwealth was left without evidentiary means of proving that appellee was in possession of these controlled substances. See *Commonwealth v. Kinkel [sic]*, 254 Pa.Super. 5, 385 A.2d 496 (1978), *Commonwealth v. Hargraves*, 268 Pa.Super. 95, 407 A.2d 454 (1979).

This statement adequately "articulate[s] ... how 'the suppression will terminate or substantially handicap the prosecution, [and includes] a brief explanation, not inconsistent with the record, why

234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973)." *Commonwealth v. Veal,* 287 Pa.Super. 113, 115, 429 A.2d 1125, 1126 (1981), quoting *Commonwealth v. Harris,* 479 Pa. 131, 138, 387 A.2d 869, 873 (1978). In a comparable case, this Court upheld, under the plain view doctrine, an officer's warrantless seizure of a quantity of marijuana from the interior of a truck while his partner engaged the defendant in a field sobriety test.

Assuming that the initial stop was proper, as it certainly seems, Officer Garrett did nothing illegal or in violation of the constitutional rights of this defendant when he approached the passenger side of the truck, nor when he went to the driver's side of the truck on a public street, nor when he shined the flashlight through the open door into the interior of the truck. At that point, the suspect material was in "plain view" of the officer.

The suppression judge obviously did not accept Officer Garrett's claim that his movement to the driver's side was motivated by a fear that the passenger might be of personal danger to him and/or his fellow officer; but his motivation is of no legal significance in this present case, since the officer had a legal right to be where he was when he [shined] the flashlight into the interior of the truck. See *Commonwealth v. Janek,* 242 Pa.Super. 340, 363 A.2d 1299 (1976).

At that point, without any acceptable, proved motivation for using the flashlight, did the officer have a legal right to bring into "plain view" what was hidden by the darkness? We find he did, and so held in *Commonwealth v. DeJesus,* 226 Pa.Super. 79, 310 A.2d 323 (1973). See

[that] is so.'" *Commonwealth v. Montgomery,* 292 Pa.Super. 32, 34, 436 A.2d 705, 706, (J. 11/1981), quoting *Commonwealth v. Kunkel,* 254 Pa.Super. 5, 10, 385 A.2d 496, 499 (1978). Consequently, the Commonwealth has perfected our jurisdiction to entertain this appeal from the suppression order. We note, additionally, that because the Commonwealth has apparently abandoned any claim that the lower court erred in suppressing certain narcotics paraphernalia which had also been seized from appellee's automobile, we express no view on that aspect of the suppression order.

also *Commonwealth v. Nastari*, 232 Pa.Super. 405, 412, 335 A.2d 468 [,471–72] (1975).

*Commonwealth v. Lehman*, 265 Pa.Super. 480, 484, 402 A.2d 539, 541 (1979). The officer's discovery, albeit with the aid of a flashlight, of the marijuana in plain view was not improper. *Id.* *See also Commonwealth v. Clelland*, 227 Pa.Super. 384, 389, 323 A.2d 60, 61 (1974). Having properly seized the bag of marijuana, Officer Sitarik then had probable cause to seize the similar bag which he saw protruding from the open briefcase. *See Commonwealth v. Veal, supra,* 287 Pa.Super. at 115, 429 A.2d at 1126 (experienced police officer had probable cause to seize glazed paper packets which he suspected contained heroin and which were similar to packets seized shortly beforehand). *See also Commonwealth v. Whitner*, 241 Pa.Super. 316, 361 A.2d 414 (1976). Accordingly, because we conclude that the lower court erred in suppressing the marijuana and cocaine seized from appellee's automobile, we must reverse the suppression order and remand for trial on counts one, two, and four of the information.[2]

▮▮▮ The Commonwealth next contends that the lower court erred in finding appellee not guilty of possessing cocaine. Although the Commonwealth may appeal from an order arresting judgment in a criminal case, *see, e. g., Commonwealth v. Blevins*, 453 Pa. 481, 482, 309 A.2d 421, 422 (1973), or from an order sustaining a defendant's demurrer, *see, e. g., Commonwealth v. Matsinger*, 288 Pa.Super. 271, 273, 431 A.2d 1043, 1044 (1981), it is clear, as the Commonwealth readily concedes, that it may not appeal from a finding that a defendant is not guilty. *See Commonwealth v. Thinnes*, 263 Pa.Super. 79, 83, 397 A.2d 5, 6 (1979). Even if the lower court erroneously entered the verdict of not guilty, the Commonwealth still cannot appeal. *Id.*

---

2. Because of our disposition of this issue, we need not address the Commonwealth's alternative contention that the search of appellee's automobile fit within the so-called automobile exception. We note, additionally, that the Commonwealth never contended that the search of the automobile was justified as a search incident to appellee's arrest. *See New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

It may be in the instant case that the trial judge's decision turned on an issue of law. It may also be that he intended to sustain the demurrer and dismiss the criminal complaint. In fact, however, he adjudicated the defendant not guilty. It is this adjudication which one finds when he examines the record. From such an order the Commonwealth has no right of appeal.

*Id.*, 263 Pa.Super. at 84, 397 A.2d at 7. We cannot look behind the order finding appellee not guilty of possession of cocaine.[3] Consequently, we must quash the Commonwealth's appeal from that order.

The order appealed at No. 202 April Term, 1979 is hereby reversed and remanded for proceedings consistent with this opinion. The appeal at No. 203 April Term, 1979 is hereby quashed.

---

**3.** *Commonwealth v. Wimberly*, 488 Pa. 169, 411 A.2d 1193 (1980), cited by the Commonwealth, is not contrary. In *Wimberly*, the Supreme Court looked behind the lower court's order sustaining the defendant's demurrer—an order which would be appealable—and held that the lower court, by ruling upon the credibility of the Commonwealth's witness in the course of granting the demurrer, "entered a *de facto* judgment of acquittal ... [from which] the Commonwealth has no right to appeal." *Id.*, 488 Pa. at 173, 411 A.2d at 1195 (quotations and citations omitted).