453 A.2d 358

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Keith A. WOODARD.**

Superior Court of Pennsylvania.

Argued May 12, 1982.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied Feb. 15, 1983.

Ann Carol Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Douglas Bry, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, MONTEMURO and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County, granting the appellee's Motion to Supress physical evidence and a statement.

On April 22, 1981, at approximately 4:00 p.m., Officer Lawrence Nodiff of the Philadelphia Police Department observed a white Buick Century travelling down 48th Street in Philadelphia at a high rate of speed. The vehicle crossed over into the oncoming lane and then proceeded through a red light before being stopped by the officer. Thereafter, Officer Nodiff approached the car and asked the operator,

appellee Keith Woodard, for his driver's license and registration. The appellee could not produce either, so the officer asked him who owned the car. The appellee gave his name and an oral statement in which he claimed that the car belonged to a relative.

Officer Nodiff subsequently observed a "Hertz Rental Car" sticker in the back window and, upon opening the door to determine the serial number of the car, saw a similar sticker. The officer then returned to his patrol car and, using the police radio, initiated a search through the National Crime Information Center (N.C.I.C.) as to whether the car was stolen or whether the appellee was wanted for any crime. The N.C.I.C. informed him that the car was owned by Hertz Rental Cars, located at Philadelphia International Airport, that there was no report of it being stolen, and that the appellee was not wanted in connection with any crime. Despite this information, the officer arrested the appellee and impounded the car. Officer Nodiff contacted Hertz after arriving at the police station, but at that time, Hertz was not aware that the car was missing. However, a check of their lot revealed that the car had been stolen.

The appellee was charged with theft by unlawful taking or disposition[1], theft by receiving stolen property[2] and unauthorized use of a motor vehicle.[3] On June 8, 1981, the appellee filed a motion to suppress physical evidence, i.e., the vehicle, as well as his oral statement to Officer Nodiff in which he indicated that the vehicle belonged to an unnamed relative. A hearing was held before the Honorable Nelson A. Diaz on August 3, 1981, after which, the Motion to Suppress was granted. The Commonwealth's appeal from that order followed.[4]

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3921.

2. *Id.,* 18 Pa.C.S.A. § 3925.

3. *Id.,* 18 Pa.C.S.A. § 3928.

4. The responsibility of the Commonwealth in presenting its Statement of Jurisdiction when it appeals from a pre-trial order of sup-

The question presented on appeal is whether the challenged evidence is suppressible as the fruit of an illegal arrest.

■ Uniformed police can lawfully stop a vehicle when they witness a traffic offense.[5] *Commonwealth v. Hunter,* 240 Pa.Super. 23, 360 A.2d 702 (1976); 75 Pa.C.S.A. § 6304(b). Under the facts of this case, it is clear that the policeman was justified in stopping the vehicle.

■ It is axiomatic that probable cause to justify a warrantless arrest exists if the facts and circumstances known to the officer at the time of arrest would warrant a prudent man in believing that an offense had been committed and the suspect was the perpetrator of that offense. *Commonwealth v. Zimmerman,* 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Holloway,* 229 Pa.Super. 128, 323 A.2d 216 (1974).

■ The appellee was unable to produce a driver's license, vehicle registration card, or any other form of identification upon request. Also, the appellee stated that the car belonged to an unnamed relative. Yet, the officer subsequently observed two Hertz identification stickers on the car and could reasonably assume that anyone properly driving a Hertz rental car would be able to produce at least a rental

pression is presently being considered by an en banc panel of the Superior Court. However, at the time the instant appeal was filed, this procedure was governed by the holding in *Commonwealth v. Kunkel,* 254 Pa.Super. 5, 10, 385 A.2d 496, 499 (1978) which provided:

> In every case in which the Commonwealth appeals from an order suppressing evidence, the Commonwealth must include in its brief, in support of its claim that this Court has jurisdiction to hear the appeal, first, a statement that the suppression will terminate or substantially handicap the prosecution; and second, a brief explanation, not inconsistent with the record, why this is so.

The Commonwealth satisfied the mandate of *Kunkel,* in the current matter by way of the statement and explanation contained in its brief in footnote 1, page 1.

5. In this instance, the appellee was charged with reckless driving, 75 Pa.C.S.A. § 3714, and failing to have a driver's license, 75 Pa.C.S.A. § 1511, both of which are summary offenses under the Vehicle Code.

agreement indicating his entitlement to operate the vehicle. In *Commonwealth v. DeFlemingue,* 450 Pa. 163, 299 A.2d 246 (1973), Philadelphia police observed a white car with its trunk hood up in front of the Paxson School at 3:20 a.m. There was a man in front of the car with a flashlight and another man coming from the rear of the school carrying a large cardboard box. After the man placed the box into the trunk, the police approached and noticed two large speakers and a number of tapes in the trunk. The police asked the appellant to explain his actions, and they were told by him that he had left the car to go behind the school to urinate and had taken the materials found in the trunk with him because he did not wish to leave them in the car while he relieved himself. Police observed nothing unusual in the rear of the school building; however, they arrested the two men and took them and the vehicle to the police station. The court found that the circumstances, as well as the appellant's incredible response provided sufficient probable cause for arrest. In the present case, once Officer Nodiff had confirmed through the N.C.I.C. that the registered car owner was in fact Hertz Rental, the surrounding circumstances and the appellee's statement provided police with probable cause to arrest appellee for unauthorized use of an automobile.

Yet, even assuming that the facts before us are insufficient to establish probable cause, they are certainly adequate to justify a brief detainment of the appellee until it could be determined whether the car was actually stolen.

■ The Fourth Amendment[6] does not require a policeman who lacks the precise level of information necessary for

**6.** The Fourth Amendment states:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S.C.A. Const.Amend. IV.

probable cause, to simply shrug his shoulders and allow a crime to occur or a criminal to escape. Police may briefly stop an individual to determine his identity or obtain more information. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Commonwealth v. Seip,* 285 Pa.Super. 551, 428 A.2d 183 (1981).

The theft had been so recent that the N.C.I.C. had not yet received a stolen car report for this vehicle. The officer could rationally conclude that a company such as Hertz, which owns a vast number of automobiles, would not immediately discover a theft from one of its parking lots. In *Commonwealth v. Johnson,* 275 Pa.Super. 343, 349, 418 A.2d 754, 757 (1980), this Court (per Spaeth, J.) held:

Probable cause to hold a suspect in custody while facts are checked is present where, "the facts and circumstances within the knowledge of the officer, or of which he has reasonable, trustworthy information are sufficient to warrant a man of reasonable caution in believing the suspect has committed or is committing a crime." *Commonwealth v. Hayes,* 237 Pa.Super. 510, 513, 352 A.2d 121, 122 (1975). All circumstances surrounding the apprehension should be taken into account in determining whether probable cause existed. *Commonwealth v. Lawson,* 454 Pa. 23, 27, 309 A.2d 391, 394 (1973).

Measured by the foregoing standards, we find sufficient probable cause to justify appellee's apprehension on the street and his short detention at the station while the officer completed his investigation by telephoning Hertz. Since the arrest was supported by adequate probable cause, the evidence was not subject to suppression under the Fourth Amendment.

Accordingly, we reverse the Order of the Court below and remand this case for trial.

Reversed and remanded. Jurisdiction is relinquished.